PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  4:14CR0297 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DONALD J. FRAMPTON, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 43] |


Pending is Defendant Donald J. Frampton's Motion Under 28 U.S.C. § 2255 to Correct

Judgment Entry (ECF No. 43), filed on July 9, 2024.  Defendant moves the Court for an Order

"clarifying" that his federal term of incarceration was, and is, to run concurrently with his state

term of incarceration in *State v. Frampton*, No. 2014 CR 00889 C (Mahoning Cnty. Ct. Common

Pleas filed Oct. 2, 2015), and for an Order requiring the Federal Bureau of Prisons ("BOP") to

recalculate his release date to account for this concurrent sentence. *See* ECF No. 43 at PageID #:

298.  The Government filed a Reply to Defendant's Motion (ECF No. 46).[1]

---

[1]  The Government also attached for the Court's information the BOP Inmate
Discipline Data Record for Defendant (covering only his time in BOP custody) (ECF No.
46-3) and the BOP Inmate Education Data Transcript for Defendant (showing that he is
English proficient and that he enrolled in General Educational Development ("GED")
classes as of November 7, 2023) (ECF No. 46-4).

(4:14CR0297)

The Court has also received a letter dated August 12, 2024 from Kathy Williams, Section Chief Sentence Computations at the U.S. Department of Justice Federal Bureau of Prisons.  The BOP requests guidance as to how Defendant's federal sentence should run with respect to the sentence he has already served with the State of Ohio.   When the federal sentence was imposed, Defendant was under the primary jurisdiction of state authorities in Ohio, and in federal custody pursuant to a writ of habeas corpus *ad prosequendum*.  After Defendant's state sentence was satisfied on September 27, 2023, he was released on the federal detainer to commence the service of his 120-month federal sentence as provided by 18 U.S.C. § 3585(a).  *See also* ECF No. 43 at PageID #: 297.  Defendant has now served 11 months of the 120-month federal term of imprisonment.

## I.

Based on Defendant's criminal history and the serious nature of the offenses in the case at bar, a Final Presentence Investigation Report ("PSR") was filed in April 2019 and suggested an imprisonment range of 140 to 175 months.  The state case,  Case No. 2014 CR 00889 C, was listed in the PSR as a pending charge.  The PSR stated the circumstances for that then pending case were not available.  On May 5, 2015, the Court varied downwards to a term of 120 months as to each of Counts 2 (Possession with Intent to Distribute Crack Cocaine) and 4 (Felon in Possession of Firearms and Ammunition) of the Indictment (ECF No. 1), each such term to be served concurrently, with credit for time served.  Defendant was also sentenced to three years of supervised release as to Count 2 and five years as to Count 4, each such term to be served concurrently.  *See* Judgment in a Criminal Case (ECF No. 35); Non-document Minutes of

2

(4:14CR0297)

proceedings dated May 5, 2015.[2]  Defendant was advised of his right to appeal, however, he did

not appeal to the United States Court of Appeals for the Sixth Circuit.

On June 23, 2015, over one month after Defendant had been sentenced in federal Court, a

state court judge sentenced Defendant in Case No. 2014 CR 00889 C to a term of six months

each on Counts 9 & 15, Receiving Stolen Property; 12 months on Count 14, Receiving Stolen

Property; 12 months on Count 22, Illegal Use of Supplemental Nutrition or WIC Program

Benefits; eight years on Count 24, Felonious Assault; and nine years on Count 25, Engaging in a

Pattern of Corrupt Activity.  According to the state court judge, all counts were to run

concurrently to one another for a total term of nine years and that sentence was also to run

concurrently with the sentence in the within federal Case No. 4:14CR0297.  *See* Judgment Entry

of Sentencing (ECF No. 43 at PageID #: 300-301).

Based on the state court judge's sentence, Defendant believes that there has been an error

in the BOP calculation of his release date.  Defendant states:

> 6.      It can be reasonably inferred that a sentence of 20 years is not what was
> intended by these two courts, the state prosecutor, and the U.S. attorney.
> 7.      Taken together, the defendant believes that it was the intent of this court to
> run his time concurrent with the state time and that the Bureau of Prisons reading
> on the judgment entry is inconsistent with that intent, although technically
> supportable.

---

[2]  According to the Bureau of Prisons ("BOP") website
(http://www.bop.gov/inmateloc/) (last visited August 29, 2024), Defendant is currently
serving his prison sentence at FCI Ray Brook located in the United States District Court
for the Northern District of New York.  He has an April 2, 2032 release date.  *See also*
BOP Public Information Inmate Data Sheet for Defendant (showing a projected release
date with good conduct of April 2, 2032 and a home-detention eligibility date
of October 2, 2031) (ECF No. 46-5).

3

(4:14CR0297)

ECF No. 43 at PageID #: 297-98.

## II.

Defendant has filed his claim under the wrong law.  Defendant's claim cannot be brought under 28 U.S.C. § 2255 because his claim challenges the BOP's execution of his sentence.  A motion under § 2255 may only be used to challenge the legality of the imposition of sentence, not the manner in which the sentence is executed.  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (holding that § 2255 "is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served").  Additionally, Defendant's § 2255 motion is untimely.  The "one-year period of limitation" for a defendant to file a § 2255 motion begins to run from the latest of four triggering events.  28 U.S.C. § 2255(f).  If a defendant does not file an appeal, his judgment becomes final after his time to file a notice of appeal expires.  *Benitez v. United States*, 521 F.3d 625, 629 (6th Cir. 2008); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004).  The Court issued the Judgment in a Criminal Case (ECF No. 35) on May 6, 2015.  It became final on May 20, 2015 when Petitioner did not file an appeal.  Defendant did not file the instant motion ( ECF No. 43) until July 9, 2024, approximately eight years and one month after the limitation period had expired.

The appropriate statute for challenging the execution of Defendant's sentence is through a petition for writ of habeas corpus under § 2241, filed in the district of Defendant's confinement following the exhaustion of available administrative remedies.  *Peterman*, 249 F.3d at 461 (§ 2241 permits challenges to official action affecting the execution of a sentence, such as the

4

(4:14CR0297)

computation of sentence credits).  A § 2241 petition must be filed in the district of confinement,

which, in the present case, is the Northern District of New York.  *See Rumsfeld v. Padilla*, 542

U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present

physical custody within the United States, he should name his warden as respondent and file the

petition in the district of confinement.") (citations omitted); *Wooten v. United States*, No.

23-1072, 2023 WL 5519152, at *2 (6th Cir. Aug. 23, 2023) (quoting *Rumsfeld* and holding that

"[w]hen a habeas corpus petitioner challenges his 'present physical confinement . . . jurisdiction

lies in only one district:  the district of confinement.' ") (ellipsis added).

Due to the significance of the clarification sought, however, the Court will respond.

**III.**

Defendant cites to portions of the Sentencing Transcript (ECF No. 41) and argues that

"[a]lthough a reading of the sentencing transcript does not specifically address the state sentence

and concurrence, inferences can be made from the statements of the court and counsel." ECF

No. 43 at PageID #: 298.  He makes erroneous inferences.

The undersigned imposed the federal sentence at issue and has reviewed the entire

Sentencing Transcript (ECF No. 41), which was filed under seal.  There is no indication in the

Transcript or Judgment in a Criminal Case (ECF No. 35) that the federal term would run

concurrently with any state time because that was not the intention of the Court.  The

undersigned knows how to run a federal sentence concurrent with an anticipated state sentence,

and did not do so in this case.  When the Court imposed sentence, the state case (Case No. 2014

CR 00889 C) was pending and a plea hearing was scheduled, but Defendant had not yet resolved

5

(4:14CR0297)

the charges by plea, and the state sentence he has now served had not yet been imposed.  And the

PSR indicated that information about the circumstances for the state case were not available.  No

one, including Defendant, objected to that notation.  Simply put, the federal sentence was not to

have been run concurrently with the later-imposed state sentence in Case No. 2014 CR 00889 C.

Rather, it was the intention of this Court that the federal time was to run consecutively to any

later-imposed state term.

## IV.

Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Correct Judgment Entry

(ECF No. 43) is denied.  The Court, hereby, clarifies that the federal sentence Defendant is

serving was not to have been run concurrently with the expired state sentence.  To execute the

federal sentence as imposed, the BOP may not assign a retroactive designation to Defendant in

the present case.  *See* 18 U.S.C. § 3621(b).  Such a designation would be contrary to the stated

and intended sentence imposed.

The Clerk is directed to issue a copy of this Order to Kathy Williams, Section Chief

Sentence Computations, U.S. Department of Justice, Federal Bureau of Prisons, Designation and

Sentence Computation Center, U.S. Armed Forces Reserve Complex, 346 Marine Forces Drive,

Grand Prairie, Texas 75051.


IT IS SO ORDERED.


   August 29, 2024                      */s/ Benita Y. Pearson*        

Date                                     Benita Y. Pearson
                                      United States District Judge